Diomande LADJI, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–3393–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2007.

Diomande Ladji, New York, NY, pro se, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Richard T. Lunger, Assistant United States Attorneys, Central Islip, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

*SUMMARY ORDER*

Petitioner Diomande Ladji,[1] a citizen of the Ivory Coast, seeks review of a May 31, 2005 order of the BIA affirming the August 24, 2004 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Diomande Ladji,* No. A96 425 711 (B.I.A. May 31, 2005), *aff'g* No. A96 425 711 (Immig. Ct. Jamaica, N.Y. Aug. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 129 (2d Cir. 2004)

Here, we find that the agency's adverse credibility determination is supported by substantial evidence because the inconsistencies and omissions identified by the IJ are significant. As the IJ noted, although Ladji testified in detail that he was arrested, detained, beaten and tortured by the police in the Ivory Coast in 1995, this

---

1. Pursuant to a request by the Petitioner, we correct the misspelling of his name in the petition for review that was originally filed in this case.

information is omitted from his first hearing testimony and from his airport and credible fear interviews.[2] In addition, while Ladji had ample opportunity to explain this significant omission, none of his explanations were compelling. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). First, he explained that he had not mentioned the event at his airport and credible fear interviews because he thought that the immigration officers were referring only to criminal arrests. However, the IJ reasonably rejected this explanation, where Ladji was specifically asked the following questions at his May 2003 airport interview:

Q. Have you ever been arrested anywhere in the world?

A. No . . .

Q. Were you ever imprisoned [by the] Government of Ivory Coast for your political beliefs?

A. No, because I hid.

Next, Ladji explained that he had omitted his 1995 arrest from his previous written statements because he did not know what information was contained in his asylum application because his prior attorney had not translated it for him. Immediately thereafter, he stated that he had omitted his 1995 arrest because he thought that he had to testify consistently with the text of his asylum application, which did not mention the arrest. Ladji failed to explain how he could have been ignorant of the information in his asylum application at the same time that he was aware that the 1995 arrest was not contained therein. Accordingly, the IJ reasonably found that Ladji's explanations were contradictory, indicating "evasiveness." *See id.* at 81 n. 1.

Further, as the BIA noted, even if Ladji's prior counsel was ineffective, the IJ did not err in relying on his omissions, inconsistencies, and evasive demeanor, where information omitted by Ladji at his first hearing testimony was also omitted from his credible fear and airport interviews as well as from the documentation he provided while he was represented by a different attorney at his second hearing. Accordingly, substantial evidence supports the IJ's determination that Ladji failed to meet his burden of proving by credible evidence that he is eligible for asylum, withholding of removal or relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, although we note the apparent severity of Ladji's medical condition, we lack the authority to provide him relief based on the seriousness of his illness. Such discretionary relief lies entirely with the Department of Homeland Security. We urge that Department, if it is satisfied that the medical condition is as described, to exercise its discretion in a humanitarian fashion.

For the foregoing reasons the petition for review is DENIED. Any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).

---

**2.** While Ladji has not challenged the agency's reliance on the transcripts of the airplane and credible fear interviews, we note that both contain sufficient indicia of reliability. *See*

*Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004); *Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006).